IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MICHAELA BOHEMIA, LLC, | : | Case No. 1:21-cv-463 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| FEDEX FREIGHT, INC., et al, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This case is before the Court on Defendant FedEx Freight, Inc.'s Motion to Dismiss the Complaint (Doc. 5), Defendant FedEx Freight, Inc.'s Motion to Dismiss Count 1 of Plaintiff's Amended Complaint (Doc. 9), as well as Defendant Total Quality Logistics, LLC's Motion to Dismiss (Doc. 11). Plaintiff filed a joint response in opposition to each motion (Doc. 12), to which Defendants filed separate replies (Docs. 13 & 15). Thus, this matter is ripe for review. For the reasons below, Defendant FedEx Freight, Inc.'s Motion to Dismiss Count 1 of Plaintiff's Amended Complaint (Doc. 9) is **GRANTED** and Defendant Total Quality Logistics, LLC's Motion to Dismiss (Doc. 11) is **DENIED**. Additionally, Defendant FedEx Freight, Inc.'s Motion to Dismiss the Complaint (Doc. 5) is hereby **DENIED AS MOOT**.[1]

---

[1] Generally, an amended complaint "supersedes the original pleading, thus rendering motions to dismiss moot." *O'Malley v. NaphCare, Inc.*, No. 12-cv-326, 2013 WL 1438028, at *2 (S.D. Ohio Apr. 9, 2013). Here, FedEx filed its Motion to Dismiss the Complaint (Doc. 5) prior to Plaintiff filing its Amended Complaint (Doc. 8). Thus, FedEx's Motion to Dismiss the Complaint addresses a pleading which is no longer operative and must be denied as moot.

## FACTS

Plaintiff Michaela Bohemia, LLC is a Florida corporation that sells skin care products. (Am. Compl., Doc. 8, ¶ 1.) On June 6, 2019, Plaintiff entered into an agreement ("Agreement") with Defendant Total Quality Logistics, LLC ("TQL") to arrange for the transportation of skincare products in Missouri to Plaintiff's warehouse in Florida. (*Id.* at ¶ 6.) The skincare products to be shipped were valued at $671,471. (*Id.*) A representative of TQL allegedly communicated to Plaintiff that the company had $500,000 in liability insurance. (*Id.* at ¶ 23.) Plaintiff, relying on this alleged statement, did not obtain its own liability insurance. (*Id.* at ¶ 24.)

TQL contracted with Defendant FedEx Freight, Inc. ("FedEx") to pick up Plaintiff's skincare products in Missouri and transport them to Florida. (Am. Compl., Doc. 8, ¶ 8.) When the products were delivered, a representative of Plaintiff documented that only seven of the eight pallets containing the skincare products had arrived. (*Id.* at ¶ 10.) Additionally, the representative noted that some of the products were damaged. (*Id.*) In total, Plaintiff allegedly suffered $211,279 in damages due to either lost or damaged skincare products. (*Id.*)

Plaintiff originally brought this action in the Common Pleas Court of Clermont County. (*See* Notice of Removal, Doc. 1-1.) The case was then removed on July 12, 2021. (*See id.*, Doc. 1.) Following removal, Plaintiff filed the Amended Complaint. (*See* Am. Compl., Doc. 8.) Plaintiff brings claims against both TQL and FedEx for breach of contract, a claim of promissory estoppel against TQL, and a violation of the Carmack Amendment to the Interstate Commerce Act ("ICA") against FedEx. (*Id.* at ¶¶ 12-35.)

2

FedEx seeks to dismiss the breach of contract claim against it pursuant to Fed. R. Civ. P. 12(b)(6). FedEx argues that the Carmack Amendment to the ICA preempts Plaintiff's breach of contract claim. Similarly, TQL seeks to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(6). TQL argues that § 14501(c)(1) of the ICA preempts both of Plaintiff's state law claims against it. Alternatively, TQL argues that Plaintiff failed to sufficiently plead its claims of breach of contract and promissory estoppel against TQL. Each argument is discussed in turn.

## LAW

The Federal Rules of Civil Procedure allow, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. R. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Courts accept a complaint's factual allegations as true and must construe such allegations "favorably to the pleader." *United States v. Royal Geropsychiatric Servs.*, 8 F. Supp. 2d 690, 693 (N.D. Ohio 1998). Courts are not bound to do the same for a complaint's legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). A claim for relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility warrants dismissal. *Iqbal*, 556 U.S. at 678.

3

## ANALYSIS

### I. The Carmack Amendment to the ICA Preempts Plaintiff's Breach of Contract Claim against FedEx.

"The Carmack Amendment was enacted in 1906 as an amendment to the [ICA to address] the liability of common carriers for goods lost or damaged during a shipment . . . ." *Exel, Inc. v. S. Refrigerated Transp., Inc.*, No 2:10-cv-994, 2012 WL 3064106, at *10 (S.D. Ohio July 27, 2012) (citing 49 U.S.C. § 14706; *Shao v. Link Cargo (Taiwan) Limited*, 986 F.2d 700, 704 (4th Cir. 1993)). It provides shippers with a cause of action against carriers for loss sustained in connection with the transit of property. 49 U.S.C. § 14706(a)(1). Additionally, the Carmack Amendment provides the exclusive remedy against an interstate common carrier for breach of a carriage contract. *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913).

The Carmack Amendment preempts any state law claim that a shipper brings against a common carrier regarding cargo loss. *Adams*, 226 U.S. at 505-06. Because "[a]lmost every detail of the subject [of the transportation of goods through interstate commerce] is covered so completely" by the Carmack Amendment, "there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Id.*; *see also Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015) ("The Carmack Amendment . . . created a national scheme of carrier liability for loss or damages to goods transported in interstate commerce."). The scope of this preemptive power extends to a shipper's breach of contract claims against a common carrier. *Schneider Elec. USA, Inc. v. Landstar Inway, Inc.*,

4

No. 1:11-cv-801, 2012 WL 1068170 (S.D. Ohio Mar. 29, 2012).

Thus, the Carmack Amendment preempts Plaintiff's breach of contract claim against FedEx. The ICA defines a "carrier" as a motor carrier, water carrier, or freight forwarder. 49 U.S.C. § 13102(3). A "motor carrier," in turn, is "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). FedEx falls within the definition of a motor carrier—Plaintiff has admitted as much in its Complaint. (Am. Compl., Doc. 8, ¶ 27.) Plaintiff is the shipper of the skincare products. *See Great West. Cas. Co. v. Flandrich*, 605 F.Supp. 2d 955, 964 (S.D. Ohio 2009). Plaintiff's claims against FedEx relate to cargo loss that occurred during interstate transportation. Because the Carmack Amendment preempts any state breach of contract claim by a shipper against a common carrier regarding cargo loss, that statute preempts Plaintiff's breach of contract claim against FedEx. *Great W. Cas. Co. v. Flandrich*, 605 F.Supp.2d 955 (S.D. Ohio 2009) (breach of contract claim brought by shipper's insurer against carrier preempted).

Plaintiff relies on *Exel, Inc. v. Southern Refrigerated Transport, Inc.* to argue that the Carmack Amendment does *not* preempt a shipper's state law claims against a common carrier. 2012 WL 3064106. The court in *Exel*, however, found that the Carmack Amendment does not preempt state law claims by *brokers* against *carriers*. *Id*. at *5-6. Similarly, the Carmack Amendment does not preempt state law claims by *shippers* against *brokers*. *Heliene*, 2018 WL 4737753 at *7. Here, though, a shipper—Michaela Bohemia, LLC—is bringing a state law claim against a carrier—FedEx. Such a claim is expressly preempted by the Carmack Amendment. Thus, the Court grants FedEx's Motion to Dismiss and dismisses Count 1 of Plaintiff's Complaint against FedEx.

## II. § 14501(c)(1) of the ICA does not Preempt Plaintiff's State Law Claims Against TQL.

Congress enacted 49 U.S.C. § 14501(c)(1) to preempt state trucking regulations. *Ware v. Tow Pro Custom Towing & Hauling, Inc.*, 289 F.App'x 852, 855 (6th Cir. 2008). This preemptive provision to the ICA prohibits states from enforcing laws, regulations, or "other provision[s,]" relating to "a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). § 14501(c)(1) mirrors the preemption provision of the Airline Deregulation Act ("ADA"). 49 U.S.C. § 41713(b). Courts interpreting the preemptive scope of § 14501(c)(1) have relied upon authority addressing the preemptive scope of the ADA. *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 797 (6th Cir. 2016); *see also Rowe v. N.H. Motor Tramsp. Ass'n*, 552 U.S. 346 (2008) (noting that Congress purposefully uses similar language to incorporate settled judicial interpretation into Section § 14501(c)(1)'s meaning).

Whether the ADA preemption provision applies depends on whether the legal claim is rooted on a state-imposed obligation. In *American Airlines, Inc. v. Wolens*, the Supreme Court determined that the ADA's preemptive provision did not foreclose suit alleging a breach of the carrier's "own self-imposed undertakings," because those claims did not constitute a "violation of state-imposed obligations." 513 U.S. 219, 228 (1995). Thus, the ADA's preemption provision did not shelter airlines from breach of contract claims because "[a] remedy confined to a contract's terms simply holds parties to their agreements." *Id.* at 229. In contrast, however, a breach of the duty of good faith and fair

6

dealing is preempted, because that cause of action *is* based on a state-imposed obligation that applies to all contracts and cannot be disclaimed. *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 285 (2014). Unlike in *Wolens*, "[w]hen the application of the implied covenant depends on state policy, a breach of implied covenant claim cannot be viewed as simply an attempt to vindicate the parties' implicit understanding of the contract." *Id.* at 287. So, the field of preemption under the ADA extends only as far as obligations under state law—not to agreements made between private parties.

The Sixth Circuit has undertaken a thorough examination of the statutory landscape for preemption under § 14501(c)(1) and the similarly worded ADA. In *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 797 (6th Cir. 2016), the Sixth Circuit suggested that the plaintiff's unjust enrichment claim may not be preempted because "unjust enrichment serves to 'effectuate the intentions of parties or to protect their reasonable expectations,' and thus looks to the particular parties to a transaction rather than a universal, state-imposed obligation," such as the duty of good faith. *Id.* at 798.

TQL argues that § 14501(c)(1) preempts Plaintiff's breach of contract claim against it. But it is settled law that § 14501(c)(1) does not preempt breach of contract claims against brokers. *See Heliene*, 2019 WL 4737753, at *6 ("As a general matter, [§] 14501(c)(1) preempts tort—but not breach of contract—claims"). Thus, § 14501(c)(1) does not preempt Plaintiff's breach of contract claim against TQL.

TQL additionally argues that § 14501(c)(1) preempts Plaintiff's promissory estoppel claim. Relying on the Sixth Circuit's analysis in *Solo*, however, the Court finds that § 14501(c)(1) does not preempt Plaintiff's promissory estoppel claim. As in *Solo*,

Plaintiff here seeks to enforce an alleged promise—that TQL would retain $500,000 in liability insurance. The present dispute does not concern a law involving a "price, route, or service of any motor carrier" that the federal statute aims to govern and preempt. 49 U.S.C. § 14501(c)(1). Additionally, like *Solo*, Plaintiff's promissory estoppel claim requires this Court to consider the specific actions of the "particular parties to a transaction rather than a universal, state imposed obligation." *Solo*, 819 F.3d at 798; *see also Uselmann v. Pop*, 495 F.Supp. 3d 528, 537 (E.D. Mich. 2020) (finding that § 14501(c)(1) did not preempt plaintiff's promissory estoppel claim).

Therefore, § 14501(c)(1) of the ICA does not preempt Plaintiff's state law claims against TQL.

### III. Plaintiff has Sufficiently Plead a Breach of Contract Claim Against TQL.

TQL argues that, if this Court finds that Plaintiff's breach of contract claim is not preempted, then it should still be dismissed for failure to state a claim. Pursuant to Ohio law, a breach of contract claim consists of the following material elements: (1) the existence of a binding contract or agreement, (2) the non-breaching party fulfilled its contractual obligations, (3) the breaching party failed to fulfill its contractual obligations without legal excuse, and (4) the non-breaching party suffered damages as a result of the breach. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1266 (Ohio Ct. App. 1996). To properly plead a breach of contract claim, Plaintiff must allege, either directly or inferentially, facts supporting each material element. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

Plaintiff alleges that it "entered into an [A]greement" with TQL to make "adequate

8

arrangements for the proper shipment of" the skincare products. (Am. Compl., Doc. 8, ¶ 7.) While Plaintiff "complied with any and all conditions, duties and obligations" of the Agreement, TQL "breached the terms of the Agreement by failing to deliver [the skincare products] as promised . . . ." (*Id.* at ¶ 17.) Specifically, Plaintiff alleges that TQL failed to: (1) transport and deliver the skincare products in like good order as when received and accepted, (2) reimburse Plaintiff for the loss alleged, (3) act reasonably in connection to the care and transport of the skincare products, and (4) assure that adequate insurance for shipment of the skincare products was maintained. (*Id.* at ¶¶ 15-16, 18-20.) As a result of TQL's breach, Plaintiff suffered over $200,000 in damages. In construing such allegations in favor of the Plaintiff, the Court finds that Plaintiff has alleged sufficient facts to support a plausible claim for relief for breach of contract.

## IV. Plaintiff has Sufficiently Plead a Promissory Estoppel Claim Against TQL.

Lastly, TQL argues that, if this Court find that Plaintiff's promissory estoppel claim is not preempted, then it should still be dismissed for failure to state a claim. The elements of a promissory estoppel claim under Ohio law are: (1) a clear and unambiguous promise, (2) reliance on that promise, (3) reliance that was reasonable and foreseeable, and (4) damages caused by that reliance. *Thompson v. Transam Trucking, Inc.*, No. 2:08-cv-927, 2011 U.S. Dist. LEXIS 61176, at *10 (S.D. Ohio June 8, 2011) (citing *Current Source, Inc. v. Elyria City Sch. Dist.*, 813 N.E.2d 730 (Ohio Ct. App. 2004)).

Plaintiff's Amended Complaint sufficient pleads a promissory estoppel claim against TQL. Plaintiff alleges that TQL made promises that the company "maintained damage liability insurance coverage in the amount of $500,000 per shipment." (Am.

9

Compl., Doc. 8, Pg. ¶ 19.) Relying on that promise, Plaintiff did not independently insure the skincare products. As a result of such reliance, Plaintiff suffered damages in excess of $200,000 as the products were damaged during shipment. Because this matter is before the Court on a motion to dismiss under 12(b)(6) and discovery has not commenced, the Court is reluctant to find, as a matter of law, that it was unreasonable for Plaintiff to rely on TQL's alleged promise. Therefore, the Court finds that Plaintiff has alleged sufficient facts to support a plausible claim for relief for promissory estoppel.

Although Plaintiff will not be able to recover under both contract and quasi-contractual theories, it would be premature to dismiss the promissory estoppel claim at this time. "Ohio courts have routinely held that a promissory estoppel claim may be [pled] in the alternative to a breach of contract claim; however, a party cannot recover under both theories." *Ritz Safety, LLC. V. Strategyn Management Group, LLC*, No. 3:20-cv-413, 2021 WL 1721050, *3 (S.D. Ohio Apr. 30, 2021). The fact that a plaintiff cannot simultaneously recover damages for both does not preclude that plaintiff from pleading both theories in its complaint. *See Krawczyszyn v. Columbian Life Ins. Co.*, No. 1:21-cv-85, 2021 WL 2722514, at * 10 (N.D. Ohio June 30, 2021) ("While a plaintiff may not collect under both a breach of contract and a promissory estoppel claim, alternative pleading is permitted."). Thus, Plaintiff's promissory estoppel and breach of contract claims are still viable causes of action at this stage of the litigation.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1) Defendant FedEx Freight, Inc.'s Motion to Dismiss the Complaint (Doc. 5) is

**DENIED AS MOOT**;

(2) Defendant FedEx Freight, Inc.'s Motion to Dismiss Count 1 of Plaintiff's Amended Complaint (Doc. 9) is **GRANTED**; and

(3) Defendant Total Quality Logistics, LLC's Motion to Dismiss (Doc. 11) is **DENIED.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND